

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERAMIE JOHNSON | CIVIL ACTION |
| VERSUS | NO: 00-0556 |
| TENNESSEE GAS PIPELINE COMPANY | SECTION: "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tennessee Gas Pipeline Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is **GRANTED**. (Document #7.)

I. BACKGROUND

Cheramie Johnson alleges that she was injured on May 24, 1999, when she lifted and moved boxes of frozen waste aboard the fixed platform known as Compressor Station 523A. Johnson was working as a steward pursuant to an "Alliance Agreement" (agreement) for the performance of offshore catering and janitorial services between her employer, Delta Catering Management, Inc. (Delta Catering or contractor), and El Paso

DATE OF ENTRY
JUN 0 1 2000



Energy Corporation and its affiliates (El Paso or company). The fixed platform contains quarters and equipment and is owned and operated by Tennessee Gas Pipeline Company (Tennessee Gas) in the marshes near Cocodrie, Louisiana. Tennessee Gas is an affiliate of El Paso.

Johnson filed a complaint, alleging that she sustained injuries as a result of Tennessee Gas's negligence in maintaining hazardous premises, failing to exercise due care for her safety, failing to remove boxes of frozen waste, and failing to provide a safe work area. Tennessee Gas filed a motion for summary judgment.

## II. DISCUSSION

### A. Summary judgment standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986). The non-movant cannot satisfy its summary

judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. <u>Id</u>. If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1991).

**B. Statutory employer**

Tennessee Gas contends that it is Johnson's statutory employer and that the sole remedy available to her under Louisiana law is workers' compensation benefits. Tennessee Gas argues that the exclusiveness of the remedy extends not only to Delta Catering, her nominal employer, but to any principal that falls within the role of statutory employer. Tennessee Gas contends that it is a statutory employer because the agreement between El Paso, Tennessee's affiliate, and Delta defined the relationship and recognized El Paso and its affiliates as the

3

statutory employer of Delta Catering's employees.  Moreover, Tennessee Gas argues that the offshore catering services are an integral part of its operations and essential to its business.

Johnson asserts that she is not the statutory employer of Tennessee Gas.  She contends that she is an employee of Delta and that the agreement with El Paso[1] and its affiliates specifically states that Delta Catering is an independent contractor with full responsibility for its employees.

Under the Louisiana Workers' Compensation Act, workers' compensation benefits are the exclusive remedy of an employee against the employer or any "principal" for injury, compensable sickness, or disease.  La. Rev. Stat. 23:1032(A)(1) (West 1998). Principal is defined as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof."  La. Rev. Stat. 23:1032(A)(b)(2).  The 1997 amended version of section 1061 provides in relevant part:[2]

---

[1] Johnson contends that Tennessee Gas is not a party to the agreement with El Paso because the identity of the affiliates is not disclosed.  The undisputed affidavit of Larry Slowik, the Area Manager of Tennessee Gas, establishes that Tennessee Gas is an affiliate of El Paso.

[2] The statute was amended by Acts 1997, No. 315, § 1, effective June 17, 1997.  The Act legislatively overruled the statutory employer tests as set forth in the Supreme Court of

    A.(1) [W]hen any "principal" . . . undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person . . . for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 . . . . For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

    (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

    (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. <u>When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services</u>. (emphasis added)

In this case, there was a written agreement between Delta

---

Louisiana's decisions in <u>Berry v. Holston Well Service, Inc.</u> 488 So.2d 934 (La. 1986), and <u>Kirkland v. Riverwood International USA, Inc.</u>, 681 So.2d 329 (La. 1996). See <u>Jordan v. Central Management Co.</u>, 745 So.2d 116, 122 (La. Ct. App. 1999).

Catering and El Paso and its affiliates.  Under article V of the agreement, the contractor retained full authority as an independent contractor to direct and control the work of its employees.  However, pursuant to an amendment to the agreement, the company and the contractor agreed that the company was the principal or statutory employer of the contractor's employees for purposes of section 23:1061 (A)(3).[3]

Contrary to Johnson's argument, there is no conflict between article V's designation of independent contractor and the amendment to the agreement defining Tennessee Gas as a statutory employer. "Even if a worker is found to be an independent contractor, he may still be subject to the workers' compensation laws if he is also determined to be a statutory employee under Louisiana Revised Statutes 23:1032 or 23:1061."  See Salmon v. Exxon Corp., 824 F.Supp. 81, 84 (M.D.La. 1993).  Based on the contract between Delta Catering and El Paso, there is a rebuttable presumption of a statutory employer relationship which Johnson must overcome by showing that the catering work is not an integral part of or essential to Tennessee Gas's operation.

Johnson contends that the catering services are not part of

---

[3] The parties also agreed that the contractor would remain primarily responsible for the payment of Louisiana workers' compensation benefits to its employees and would not be entitled to seek contribution for any such payments from the company.

6

Tennessee Gas's business of oil and gas production. She argues that, although hiring a catering company is desirable, it is not essential for the operation of defendant's platform because other arrangements could have been made. Johnson is presumed by virtue of the contract to be the statutory employee of Tennessee Gas, and she does not provide any evidence to support her position that the food service is not essential to the operation. Further, she appears to concede that some arrangement to provide food for the employees on the platform was necessary.

Tennessee Gas presents the affidavit of its area manager, Larry Slowik, stating that Tennessee Gas is in the business of operating the compressor station on a 24-hour basis. Slovik asserts that, in order to conduct the operation, it is necessary that Tennessee Gas provide food and housing for its workers.[4]

---

[4] In Lindsey v. Chevron, 566 F.Supp. 1280, 1282-83 (E.D. La. 1983) (pre-amendment case), the court applied the "integral and necessary part of the regular trade, business, or occupation" test and found that "provision for food and housekeeping is integral and necessary to the operation of these [oil and gas] production facilities." However, in Mack v. Tenneco Oil Co., 630 F.Supp 289, 291 (E.D. La. 1986) (pre-amendment case), the court denied the defendant's motion for summary judgment on the question whether the plaintiff who worked for a company that contracted to cut grass and weeds at the Tenneco facility was a statutory employee of Tenneco. The court concluded that Tenneco was not in the trade, business, or occupation of grass cutting at the time of the accident. The court did not rely on Lindsey, stating that "[i]t appears that Lindsey has been impliedly overruled" by Lewis v. Exxon Corporation, 441 So.2d 192 (La. 1983) (pre-amendment case). The version of the statute in force at the time that Lewis was decided required that the work

There are no disputed issues of material fact concerning Tennessee Gas's need to provide food for its employers who are housed on the fixed platform. Therefore, the court concludes that the catering services provided by Johnson in particular and Delta in general are essential to the ability of Tennessee Gas to operate the compressor station on a 24-hour basis. Accordingly, in view of the written contract recognizing Tennessee Gas as a statutory employer and Johnson's failure to overcome the presumption of a statutory employer, the sole remedy available to Johnson under Louisiana law is workers' compensation benefits.

New Orleans, Louisiana, this ___/___ day of June, 2000.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

performed by the employee be part of the principal's trade, business, or occupation and that the principal must have been engaged in that trade, business, or occupation at the time of the injury. Id. at 197. The court held that Exxon was not in the business of major plant construction and that this work was not customarily done by Exxon. Id. at 199. Therefore, Exxon was not the statutory employer of the injured employee of the contractor.

8